**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:13CR345 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| ERIC C. POWELL, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Eric Powell's Motion for Sentence Reduction. (Doc. 2018). For the following reasons, the Court **DENIES** Defendant's Motion without prejudice.

**I. BACKGROUND**

On September 11, 2013, a Grand Jury indicted Defendant with one count of Conspiracy with Intent to Distribute and to Distribute Heroin, a violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) ("Count 1"); and three counts of Use of a Telephone to Facilitate Drug Trafficking, violations of 21 U.S.C. § 843(b).

In December of 2014, Defendant pleaded guilty to Count 1 under a Plea Agreement. In exchange, the Government dismissed the remaining counts. On July 16, 2015, the Court sentenced Defendant to 130 months imprisonment and 3 years supervised release. Defendant is currently serving his imprisonment at Yazoo City Low Federal Correctional Institution.

On April 13, 2020, Defendant filed his Motion *pro se*. (Doc. 2018). Defendant argues that the presence of COVID-19 and his prior medical conditions justify his compassionate release. The Government opposed Defendant's request on April 17, 2020. (Doc. 2020).

## II. LAW & ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in certain circumstances, a defendant may ask the court to modify a sentence, otherwise known as "compassionate release." *Id.* at § 3582(c)(1)(A). Before doing so however, one of two things must occur: either defendant has exhausted all administrative rights to appeal the Bureau of Prison's failure to bring a motion on his behalf or defendant has waited thirty days since he asked the warden of the facility to file a request on his behalf. *Id.*

In other words, prisoners must first exhaust their administrative remedies before seeking a district court's involvement. *See United States v. Raia*, 954 F.3d 594 (3rd Cir. 2020); *United States v. Ciccone*, 2020 WL 1861653 (N.D. Ohio Apr. 14, 2020) (Polster, J.) (the amended § 3582(c)(1)(A) did not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief) (citations omitted). Moreover, courts cannot create exceptions to the mandatory exhaustion requirement. *Ross v. Blake*, 136 S.Ct. 1850, 1856-57 (2016) ("mandatory language means a court may not excuse a failure to exhaust, even to take such [special] circumstances into account"); *United States v. Alam*, 2020 WL 1703881 (E.D. Mich. Apr. 8, 2020) (collecting cases holding district courts cannot craft exceptions to exhaustion requirements in light of the COVID-19 pandemic).

Here, Defendant has not exhausted his administrative remedies before seeking the Court's involvement. He claims, without adequate proof, that he "has been unable to apply or

use, the administrative remedy process d[ue] to staff taking on other job assignments for being short staffed, from the fear of becoming infected with the contagious and lethal Coronavirus pandemic." (Doc. 2018, PageID: 15710).

Section 3582(c)(1)(A) *expressly requires* a defendant to "exhaust[] all administrative rights." 18 U.S.C. 3582(c)(1)(A); *Raia*, 954 F.3d 594. "Where Congress specifically mandates, exhaustion is required." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Accordingly, Defendant must first attempt to exhaust his administrative remedies.

The Court understands the general risks that COVID-19 presents to certain populations, including those in jails and prisons. However, requiring that Defendant first exhaust his administrative remedies not only upholds Congressional intent, but also protects "administrative agency authority" and "promotes efficiency." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). The Bureau of Prisons is taking the COVID-19 outbreak seriously. (Doc. 2020, PageID: 15723-24). Allowing the BOP to exercise its authority and expertise in this instance is even more important. *See generally*, *Raia*, 954 F.3d 594.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 2018) is **DENIED WITHOUT PREJUDICE**. The Court may consider the merits of Defendant's Motion after he properly exhausts his administrative remedies.

**IT IS SO ORDERED.**

                              s/ Christopher A. Boyko
                              **CHRISTOPHER A. BOYKO**
                              **Senior United States District Judge**

**Dated: April 29, 2020**